IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )  )   v.                                                                      )     )   TONYA WEBB                                          ) | Case No. 1:23-cr-00301-CRC |

**MOTION IN LIMINE TO PRECLUDE
USE OF PREJUDICIAL TERMINOLOGY**

The Defendant, Tonya Elizabeth Webb, moves in limine for an order that the government may not, and must instruct its witnesses not to, use inflammatory, value-laden, or legally conclusory words to describe either (1) events at or near the Capitol Building on January 6, 2021, or (2) persons who participated in or were present for those events. It is not possible to anticipate or compile here a complete list of such words, but for illustrative purposes, they would include—but by no means be limited to—words such as "riot" and "rioter," "insurrection" and "insurrectionist," "mob," "storm the Capitol," and "trespass." Many individual Americans no doubt have formed personal opinions about the aptness of describing January 6 in such terms, but their use in the context of a criminal trial would frustrate the ends of justice.

The exclusion of such words will not prejudice either party's ability to fully and fairly present its case at trial, whereas allowing the use of such words could unduly inflame juror passions and imperil Ms. Webb's right to a fair trial. A criminal defendant has the right to have the jury make an "individualized determination[ ] of guilt based on the evidence presented at trial." *United States v. McGill*, 815 F.3d 846,

895 (D.C. Cir. 2016); *see also id.* at 898 (verdict should be based on "an individual assessment of the . . . defendant's personal culpability" (quoting *United States v. Blevins*, 960 F.2d 1252, 1260 (4th Cir. 1992)))). Words like "rioter" and "insurrection" emphasize group culpability and distract from the proper question of individual culpability. Words that inflame juror passions will tempt the jury to base a verdict on emotion instead of the evidence.

Words that suggest legal conclusions, such as "trespass," "disorderly conduct," "parading," and "demonstrating," are proper in the context of a closing argument. But allowing such words during the presentation of evidence would "intrude upon the duties of, and effectively substitute for the judgment of, the trier of fact and the responsibility of the Court to instruct the trier of fact on the law." *United States ex rel. Mossey v. Pal-Tech, Inc.*, 231 F. Supp. 2d 94, 98 (D.D.C. 2002); *see also Cameron v. City of New York*, 598 F.3d 50, 62 (2d Cir. 2010) ("The cases [prohibiting legal conclusions in testimony] have focused on *expert* witnesses. But the impropriety of allowing a lay witness to testify in the form of a legal conclusion is all the clearer.").

For the foregoing reasons, Ms. Webb asks the Court to order that the government and witnesses not use inflammatory, value-laden, or legally conclusory words to describe events or persons. She also respectfully requests that the Court allow time during the pretrial conference for the parties and the Court to discuss more specifically the terms that will and will not be permitted at trial.

                                                              Respectfully submitted,
                                                              KEVIN L. BUTLER
                                                              Federal Public Defender

>Northern District of Alabama
>
>/s/ James T. Gibson
>JAMES T. GIBSON
>Assistant Federal Public Defender
>
>*/s/ Erin S. Atkins*
>Erin S. Atkins
>Assistant Federal Defender
>200 Clinton Avenue West, Suite 503
>Huntsville, AL 35801
>256-684-8700 (t)
>256-519-5948 (f)
>Erin_atkins@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, I electronically filed the foregoing via this Court's CM/ECF system, which will send notice of such filing to all counsel of record.

>Respectfully submitted,
>
>*/S/ Erin Atkins*
>Erin Atkins

3