UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-301 (CRC) |
| | : | |
| TONYA WEBB, | : | |
| | : | |
| Defendant. | : | |

**Government's Opposition to Defendant's Motion for Payment of Travel Expenses**

The United States respectfully opposes the defendant Tonya Webb's *Motion for Payment of Travel Expenses* (ECF No. 37) that seeks mileage reimbursement and lodging and subsistence expenses from the United States Marshal Service in connection with her trial scheduled for October 21, 2024. Although this Court has discretion to direct the United States Marshals Service to arrange for the defendant's one-way, noncustodial transportation to the District of Columbia for a required court appearance (or to furnish the fare and subsistence expenses for such transportation), this Court should not do so under the circumstances of this case. The defendant has failed to show that she is unable to pay for the transportation herself, and even if she were to make an adequate showing, the interests of justice would not support the relief sought.

Without requiring taxpayer funding or Government resources, the defendant traveled from her home in Stockbridge, Georgia to be in Washington D.C. for January 6, 2021. The distance, according to Google Maps, is approximately 678 miles. According to the defendant's statement to the FBI, her purpose was to "show Congress that they had the support of a large amount of people" to remedy what she characterized as "irregularities" in the 2020 election.

1

The defendant's first stop that day was the ellipse, where she watched at least part of the former President's speech.  From there, the defendant, who was wearing a green jacket and black hat with "TRUMP" lettering, walked to the Capitol, entered the restricted area, observed throngs of violent rioters, and entered through Parliamentarian's Door at approximately 2:44 p.m.  She remained inside the Capitol for several minutes and exited through the same door she entered.

She did not leave the grounds.  To the contrary, about six minutes later the defendant had made her way to the threshold of the Senate Wing Door where, at approximately 2:57 p.m., she threw a flag into the United States Capitol.  Two minutes later, at approximately 2:59 p.m., the defendant re-entered the Capitol through the Senate Wing Door while taking video on her cell phone.  After this second entry, the defendant ventured into the Crypt before exiting back through the Senate Wing Door at approximately 3:28 p.m.  While inside the Capitol on this second occasion, the defendant took selfies, using as background for the photograph other rioters who were exiting the Capitol through broken windows.

As a consequence of her actions, the defendant has been charged with four misdemeanors, those being:  (1) Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); (2)  Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (3) Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5103(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).  ECF No. 6.

The Court should deny the defendant's motion because Webb has failed to show that she is unable to pay for transportation and related subsistence to travel from her current residence in Alabama.  To order the Marshals Service to incur the costs of the defendant's travel pursuant to Section 4285, the district court must first be "satisfied, after appropriate inquiry, that the defendant

is financially unable to provide the necessary transportation to appear before the required court on his own." 18 U.S.C. § 4285.  The statute "places the onus" on a defendant to demonstrate that she is "so destitute" that she is financially unable to provide funds necessary for transportation to court, and the defendant must overcome "a heavy burden" to establish an inability to pay.  *See United States v. Forest,* 597 F. Supp. 2d 163, 165-166 (D. Me. 2009).

Here, the defendant has not provided a declaration or an affidavit in support of her motion. Instead, she has merely noted that she "has been previously adjudged indigent and determined to qualify for appointed counsel."  Def's Mot. At 1.  This, however, falls far short of carrying her burden to obtain relief under Section 4285, particularly where, as here, the travel costs at issue are minimal: as of September 10, 2024, a Greyhound bus fare from Atlanta, GA to Washington, D.C. is available for approximately $87.99.  The defendant, who acknowledges in her motion that she is employed, has not made a sufficient showing that she could not afford this travel.  Her motion should be denied accordingly.  *See, e.g., United States v. Bacon,* 21-cr-488 (CRC), ECF No. 54 (denying without prejudice defendant's Section 4285 motion and holding that the defendant must include a "sworn statement and supporting documentation" to show that he is "financially unable to travel to trial," should he refile his motion); *United States v. Rodriguez,* No. 21-cr-483 (DLF), Minute Order (11/07/22) (denying without prejudice defendant's Section 4285 motion, noting that "one-way bus transportation from New York City to Washington, D.C. costs as little as $30," and ordering that "the defendant may renew his motion accompanied by a (1) sworn affidavit describing his current financial circumstances, including his monthly income and expenses, his current savings and assets, and confirming the cost of same-day bus and subway transportation, and (2) attached documentary support for each of the attestations in his declaration").

Even if the defendant were to make a more robust showing regarding her inability to pay, the Court should nevertheless deny the motion with prejudice in the interests of justice. Section 4285 provides that the Court, in its discretion, should only order the U.S. Marshals Service to incur the defendant's travel costs "when the interests of justice would be served thereby." 18 U.S.C. § 4285. Thus, a court may deny a Section 4285 motion on interest-of-justice grounds. In *United States v. Rossman*, another January 6 case, Judge Howell denied a misdemeanor defendant's motion travel expenses to attend his sentencing as follows:

> Regarding defendant's travel expenses, pursuant to 18 U.S.C. § 4285, funding may be dispensed when the defendant is "financially unable" to travel for his appearance on his own and "when the interests of justice would be served thereby." Defendant was able to travel to Washington, D.C. to engage in the very offense conduct that is the subject of these proceedings. The interests of justice would not be served by the U.S. Government paying for defendant to make that same trip now that he is to be sentenced for that offense conduct.

Minute Order, *United States v. Rossman,* No. 22-cr-280 (BAH) (D.D.C. Oct. 14, 2022). The same reasoning applies here, and the defendant's motion should be denied with prejudice accordingly.

For the reasons set forth above, the Court should deny the defendant's motion with prejudice.

                          Respectfully submitted

                          MATTHEW M. GRAVES

                          United States Attorney
                          DC Bar No. 481052

By:          /s/
                          JACK E. BURKHEAD
                          NM Bar No. 10493
                          Assistant U.S. Attorney
                          601 D Street N.W.
                          Washington, DC 20530